<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | |
|---|---|
| MICHAEL REIS, SR. and ) | |
| LAWRENCE J. KATZ, on Their Own ) | Civil Action |
| Behalf and as Assignees of ) | No. 05-CV-01651 |
| Weaver Nut Company, Inc., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | |
| ) | |
| BARLEY, SNYDER, SENFT ) | |
| & COHEN LLC., ) | |
| ) | |
| Defendant ) | |

<u>O R D E R</u>

NOW, this 3rd day of July, 2008, upon consideration of the Motion to Preclude Plaintiffs' Experts or, in the Alternative, to Extend Deadlines, which motion was filed on behalf of defendant Barley Snyder Senft & Cohen on November 30, 2007; upon consideration of Plaintiffs' Daubert Motion to Bar the Expert Testimony of David Glusman CPA and Thomas Wilkinson, Jr., Esquire to the Extent That Their Opinions Do Not 'Fit' the Facts of the Case, which motion was filed April 23, 2008; upon consideration of the briefs of the parties; after hearing conducted before the undersigned on May 22 and 27, 2008; and for the reasons expressed in the accompanying Memorandum,

_____

   IT IS ORDERED that defendant's Motion to Preclude Plaintiffs' Experts or, in the Alternative, to Extend Deadlines in the nature of a <u>Daubert</u>[1] motion is denied.[2]

   <u>IT IS FURTHER ORDERED</u> that plaintiffs are not precluded from offering the testimony of their liability expert Professor Geoffrey C. Hazard, Jr. at the trial of this action.

   <u>IT IS FURTHER ORDERED</u> that Plaintiffs' Daubert Motion to Bar the Expert Testimony of David Glusman CPA and Thomas Wilkinson, Jr., Esquire to the Extent That Their Opinions Do Not 'Fit' the Facts of the Case is denied.

   <u>IT IS FURTHER ORDERED</u> that defendant is not precluded from offering the testimony of either David Glusman, CPA (damages expert) or Thomas Wilkinson, Jr., Esquire (liability expert).

             BY THE COURT:


             <u>/s/ JAMES KNOLL GARDNER</u>
             James Knoll Gardner
             United States District Judge

---

[1] <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 125 L.Ed.2d 469, 113 S.Ct. 2786 (1993).

[2] By my Order dated December 4, 2007 I granted in part and deferred in part defendant's Motion to Preclude Plaintiffs' Experts or, in the Alternative, to Extend Deadlines.  Specifically, I denied defendant's motion insofar as it sought to preclude plaintiffs' expert from testifying at trial based upon a violation of my June 29, 2007 Rule 16 Status Conference Order.  In addition, I granted defendant an enlargement of time to produce a responsive expert report.  Finally, I deferred that portion of defendant's motion in the nature of a <u>Daubert</u> motion, which I now deny by this Order and the accompanying Memorandum.